**Jose GARZA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–91–556–CR.**

Court of Appeals of Texas,
Corpus Christi.

Aug. 31, 1992.

Alfredo Padilla, Brownsville, for appellant.

Luis V. Saenz, County Crim. Dist. Atty., John A. Olson, Asst. County Atty., Brownsville, for the State.

Before GILBERTO HINOJOSA, KENNEDY, and DORSEY, JJ.

### OPINION

GILBERTO HINOJOSA, Justice.

A court convicted appellant, Jose Garza, of burglary of a building. *See* TEX.PENAL CODE ANN. § 30.02(a)(1) (Vernon 1974). Punishment was assessed by the trial court at fifteen years in the penitentiary. By two points of error, appellant complains that the trial court erred in admitting a confession and overruling his motion for a directed verdict. We affirm.

The evidence showed that on the night the burglary occurred appellant and Eduardo Uribe, an accomplice, were drinking beer at a Brownsville club until midnight. While they were driving home, they parked at a resaca in Olmito near a church. They

walked over to the church, broke a window, entered the church, and took some stereo equipment, and continued on their trip.

Subsequently, Rolando Rivas, an investigator for the Cameron County Sheriff's Office, began an investigation of a different burglary. The suspect of this burglary confessed and implicated appellant, Uribe, and others in different burglaries. Appellant was apprehended at his house, given *Miranda* warnings, and transported to the Cameron County sheriff's office where Rivas sought to elicit a confession.

Initially appellant would not talk. Rivas then confronted appellant with Uribe, the accomplice, and informed appellant that Uribe was implicating him in the crime. Rivas then told appellant that he would go back to the house and search it, and confiscate his van if he did not begin to talk. At that point appellant then waived his rights and provided a statement. During the questioning appellant confessed to the burglary of the church, and signed a statement to that effect.

Rivas testified that the confession was voluntary, and appellant did not invoke his right to silence, to terminate questioning, or to seek the advice of a lawyer at any time.

The trial court found that the statement was not coerced, and admitted it into evidence. Appellant's lawyer objected on the grounds that the confession was coerced, involuntary, false, and no *Miranda* warnings were given. The evidence during the trial on the merits included testimony from the other burglar, and the confession linking appellant to the crime. In a trial to the court appellant was found guilty.

 By appellant's first point of error he complains that the trial court erred in admitting the confession because it was based on an illegal arrest. There was no objection to the admission of this confession on this basis at the hearing; thus the point is not preserved. Tex.R.App.P. 52(a). We do not express any opinion regarding the voluntariness of the confession or the propriety of Officer Rivas's questioning methods. Appellant's first point is overruled.

■ Appellant's second point challenges the trial court's failure to grant a directed verdict at the close of his trial. When the motion was made, appellant's attorney stated the legal basis for the directed verdict as legally insufficient evidence. The evidence included the confession and accomplice testimony. This is sufficient evidence from which a rational trier of fact could find each element of the offense. *Jackson v. Virginia,* 443 U.S. 307, 317–20, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *Griffin v. State,* 614 S.W.2d 155, 159 (Tex.Crim. App.1981).

Appellant's second point is overruled. The trial court's judgment is affirmed.